```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | |
|---|---|
| TERRY PADY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-2940 |
| § | |
| QUALA SYSTEMS, INC. § | |
| d/b/a QUALAWASH, § | |
| § | |
| Defendant. § | |

### MEMORANDUM AND ORDER

Pending is Plaintiff Terry Pady's Motion to Remand (Document No. 5). After carefully considering the motion, response, reply, and the applicable law, the Court concludes the motion should be denied.

### I. Background

Plaintiff Terry Pady ("Plaintiff"), a citizen of Texas, brought this premises liability suit, seeking recovery for the injuries he sustained when he stepped into a hole on the property of Defendant Quala Systems, Inc. d/b/a Qualwash ("Defendant"). Document No. 1 ex. A ¶¶ 2.1, 4.1-4.3. Defendant removed the case to this Court on the basis of diversity jurisdiction. Document No. 1 at 1. Plaintiff now moves to remand, arguing that diversity jurisdiction is lacking because Defendant has "minimum contacts" with Texas. Document No. 5 ¶ 2.2.

II.  Standard of Review

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction.  28 U.S.C. §§ 1332(a), 1441(b).  Federal district courts have diversity jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States. . . ."  Id. at § 1332(a).  When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing jurisdiction and the propriety of removal rests upon the defendant.  Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992). Any doubt as to the propriety of the removal must be resolved in favor of remand.  *See* Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

III.  Discussion

Plaintiff contends that remand is proper because "Defendant maintains minimum contacts in Texas" which defeat diversity. Document No. 5 ¶ 2.3.  This argument conflates the tests for personal and subject matter jurisdiction.  A nonresident defendant's "minimum contacts" with the forum state permit the exercise of personal jurisdiction over the defendant.  *See* Ruhrgas AG v. Marathon Oil Co., 119 S. Ct. 1563, 1570 (1999) ("Personal

jurisdiction . . . 'represents a restriction on judicial power . . . as a matter of individual liberty.'") (quoting <u>Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 102 S. Ct. 2099, 2105 (1982)); <u>Luv n' care, Ltd. v. Insta-Mix, Inc.</u>, 438 F.3d 465, 469 (5th Cir. 2006) ("The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has meaningful 'contacts, ties, or relations' with the forum state.") (quoting <u>Int'l Shoe Co. v. Washington</u>, 66 S. Ct. 154, 160 (1945)). In contrast, whether the parties are diverse pertains to the court's subject matter jurisdiction--i.e., the power of the court to adjudicate the case. *See* <u>McDonal v. Abbott Labs.</u>, 408 F.3d 177, 182, 185 (5th Cir. 2005) ("[S]ubject matter jurisdiction . . . delimits the power of federal courts.'") (quoting <u>Ruhrgas</u>, 119 S. Ct. at 1570); *see also* 28 U.S.C. § 1332(a). Thus, the minimal showing required to establish personal jurisdiction does not apply when determining the citizenship of a party for purposes of diversity. *Cf.* <u>Ins. Corp. of Ireland, Ltd.</u>, 102 S. Ct. 2099, 2104-05 (1982) (contrasting the purposes behind the requirements of personal and subject matter jurisdiction).

    A corporation such as Defendant is a citizen of the "State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant asserts, and Plaintiff does not dispute, that Defendant is

3

incorporated in Delaware and maintains its principal place of business in Florida.  *See* Document No. 5 ¶ 2.3; Document No. 7 at 3-4; ex. A.  Because Plaintiff is a citizen of Texas, Defendant's states of citizenship are Delaware and Florida, and Plaintiff seeks "a maximum recovery from Defendant . . . in the amount of $100,000," Document No. 1 ex. A ¶ 11.1, diversity of citizenship exists and jurisdiction is proper.

## IV.  Order

It is therefore ORDERED that Plaintiff Terry Pady's Motion to Remand (Document No. 5) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 7th  day of December, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE