```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

TERRY PADY,                     §
                                §
     Plaintiff,                 §
                                §
v.                              §      CIVIL ACTION NO. H-06-2940
                                §
QUALA SYSTEMS, INC.             §
d/b/a QUALAWASH,                §
                                §
     Defendant.                 §
```

MEMORANDUM AND ORDER

Pending are Defendant Quala System Inc.'s Motion for Summary Judgment (Document No. 18), and Plaintiff Terry Pady's Motion for Continuance Pursuant to Fed. R. Civ. P. 56(f) (Document No. 19). Defendant, citing portions of Plaintiff's deposition, contends that Plaintiff cannot establish the essential elements of his premises liability claim. *See* Document No. 18 at 1, 5-14. In response, Plaintiff moves for a continuance under Rule 56(f), on the grounds that additional discovery is needed to develop his claim. Document No. 19 at 9-11. "Rule 56(f) allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. Such motions are broadly favored and should be liberally granted." Culwell v. City of Ft. Worth, 468 F.3d 868, 871 (5th Cir. 2006); *accord* Beattie v. Madison County Sch. Dist., 254 F.3d 595, 606 (5th Cir. 2001). A continuance should be granted to a party that, by affidavit or otherwise, substantiates: (1) the need for additional discovery; and (2) how

the discovery will create a genuine issue of material fact. *See* Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 162 (5th Cir. 2006).

Plaintiff submits an affidavit identifying specific individuals whose depositions he plans to take and the anticipated substance of their testimony. Document No. 19 at 13-14. The affidavit further explains how that testimony will likely raise genuine issues of material fact, specifically, with respect to Defendant's knowledge of the dangerous conditions in the parking lot and Defendant's failure reasonably to remedy these conditions-- all of which would support Plaintiff's premises liability claim and, indeed, would controvert the assertions in Defendant's pending motion for summary judgment. *See* id.; *see also, e.g.*, CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000)(stating the elements of a premises liability claim: (1) the landowner had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care in alleviating the risk; and (4) the failure to exercise such care proximately caused plaintiff's injury)(citing Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983)). Additionally, more than two months remain in the discovery period, and no depositions other than Plaintiff's have been taken, because the parties mediated the case and were negotiating a potential settlement until shortly before Defendant

filed its motion for summary judgment. It therefore appears that Defendant's motion is premature. Accordingly, the Court concludes that Plaintiff has demonstrated valid grounds and need for a continuance under Rule 56(f), and it is therefore

ORDERED that Plaintiff Terry Pady's Motion for Continuance Pursuant to Rule 56(f) is GRANTED. Accordingly, Plaintiff shall have until 20 days after the end of the discovery period on November 15, 2007, to file its response to Defendant's motion for summary judgment.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 24th day of September, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE